

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DARIAN ALEXANDER**
Phone: (212) 356-2174
daalexan@law.nyc.gov

July 7, 2023

Plaintiff shall reply to this letter, not to exceed four pages, by **August 11, 2023**.  The initial pretrial conference scheduled for July 26, 2023, is adjourned pending the Court's decision on Defendants' motion to revoke Plaintiff's in forma pauperis status.  Defendants' obligation to respond to the Complaint is held in abeyance pending the Court's decision on Defendants' motion.

So Ordered.

Dated: July 10, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York  10007

Re:  *Cano v. City of New York, et al.*, 23-cv-03733-LGS

Dear Judge Schofield:

      I am the Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent Defendants in the above-referenced action. In accordance with Your Honor's Order dated June 7, 2023, I write to confirm that this Office has arranged for Plaintiff's participation at the Initial Pretrial Conference ("IPTC") scheduled for July 26, 2023, and to apprise the Court of Defendants' anticipated motion to dismiss the Complaint, if necessary. I additionally write to request that Your Honor adjourn all current submission deadlines and appearances pending the Court's review of Defendants' request, discussed below, that the Court revoke Plaintiff's *in forma pauperis* status in this action.

      Plaintiff is an inmate currently housed at the George R. Vierno Center ("GRVC"). *See* Complaint (Dkt. No. 1), ECF p. 1. Plaintiff alleges that during her time in Department of Correction ("DOC") custody, Defendants did not protect her personal property, and that numerous items of personal importance to Plaintiff remain missing. *Id.*, *passim*. Pursuant to these allegations, Plaintiff brings numerous claims against the City and identified and unidentified individual defendants, including violations of several federal statutes and United States Constitutional Amendments as well as claims of, for example, property theft, deprivation of property, conspiracy, and burglary. *Id.* at ECF pp. 1-2. By Request dated May 3, 2023, Plaintiff sought leave to proceed *in forma pauperis* ("IFP") in this action. (*See* Dkt. No. 2.) The Court granted that request by Order dated May 4, 2023. (Dkt. No. 4).

By Order dated June 7, 2022, Your Honor (1) scheduled an IPTC for July 26, 2023; (2) directed Defendants to file, by July 7, 2023, a letter *(a)* confirming that they have arranged Plaintiff's participation at the IPTC and *(b)* stating whether Defendants wish to file a motion to dismiss prior to discovery; and (3) directed the parties to confer and jointly file a proposed case management plan and letter no later than 14 days before the IPTC (by July 12, 2023). (*See* Dkt. No. 6.) By Order of Service dated June 12, 2023, Your Honor (1) requested that the identified defendants waive service of summonses; (2) directed the identified Defendants to serve responses to Plaintiff's interrogatories by October 10, 2023; and (3) directed this Office to identify to Plaintiff and the Court the as-yet unidentified defendants by August 11, 2023, with Plaintiff's Amended Complaint due within thirty days of that identification. (*See* Dkt. No. 7.)

In investigating Plaintiff's allegations and her extensive history of litigation against the City and its employees, Defendants learned that while a prisoner,[1] Plaintiff has previously proceeded as IFP in at least four actions (in both the Eastern and Southern Districts of New York) in which her claims were dismissed for failure to state a claim upon which relief can be granted, as follows:

- *Cano v. Officer Oxley, et al.*, No. 18-cv-3428 (BMC)(CLP) (E.D.N.Y.) (*see* Dkt. Nos. 30, 31)
- *Cano v. Officer Marshall, et al.,* No. 18-cv-4176 (BMC)(CLP) (E.D.N.Y.) (*see* Dkt. No. 7)
- *Cano v. Cohen, et al.*, No. 18-cv-11550 (CM) (S.D.N.Y.) (*see* Dkt. Nos. 5, 8)
- *Cano v. City of New York (NYCDOC), et al.*, No. 23-cv-3807 (LTS) (S.D.N.Y.) (*see* Dkt. Nos. 8, 9)

Pursuant to 28 U.S.C. § 1915(g), enacted as part of the Prison Litigation Reform Act ("PLRA"), the aforementioned dismissals disqualify Plaintiff from proceeding as IFP in this action. Section 1915 concerns "Proceedings *in forma pauperis*." Subsection (g), commonly known as the "three strikes rule," provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In view of the disposition of the above-listed actions, this statute prohibits Plaintiff from proceeding IFP in this action. Indeed, Plaintiff has been subject to *four* qualifying dismissals—one more than the *three* required for the rule to apply. Accordingly, Defendants

---

[1] Under 28 U.S.C. § 1915 (h), the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

respectfully request that the Court revoke Plaintiff's IFP status and, if Plaintiff fails to pay the required fees, dismiss this action with prejudice. *See Harris v. City of New York*, 607 F.3d 18, 20 (2d Cir. 2010); *Polanco v. Hopkins*, 510 F.3d 152, 155, 157 (2d Cir. 2007) (affirming the District Court's decision to revoke its previous determination which had permitted plaintiff to proceed IFP after finding that "in the years preceding the motion to dismiss, more than three of [plaintiff's] lawsuits or appeals had been dismissed . . . as frivolous").

Defendants additionally wish to advise Your Honor that in another of Plaintiff's actions currently before this Court, this Office recently requested, on behalf of the defendants in that action, permission to file a motion to revoke Plaintiff's IFP status on the same basis as is outlined above. *See Cano v. Kharkover, et al.*, 22-cv-10557 (JLR)(OTW) (Dkt. No. 18). Those defendants additionally requested that the Court hold in abeyance their obligation to respond to the Complaint and adjourn *sine die* the scheduled IPTC pending resolution of the defendants' anticipated motion. *Id.* By Order dated today, July 7, 2023, the Court granted that request in full. *Id.* (Dkt. No. 19.)

Likewise, Defendants respectfully request that the Court adjourn all current deadlines and scheduled appearances pending the Court's determination as to the status of Plaintiff's IFP status, including, in the near term, (1) the CMP and joint letter due on July 12, 2023, (2) the IPTC scheduled for July 26, 2023 (though **Defendants note that they have arranged Plaintiff's availability for the IPTC**), and (3) Defendants' response to the Complaint, which Defendants anticipate will be a motion to dismiss, as described below. If Plaintiff's IFP status is ultimately revoked, she will be required to pay the balance of the fees required in connection with bringing this action, and if she fails to do so, the Court will have grounds to dismiss the action. *See Tafari v. Baker*, No. 16-cv-06472 (MAT), 2017 U.S. Dist. LEXIS 60301, 2017 WL 1406274, at *1-2 (W.D.N.Y. April 20, 2017) (granting defendants' motion to revoke plaintiff's IFP status and holding in abeyance decision on defendants' summary judgment motion until plaintiff's payment of the filing fee); *Word v. Annucci*, No. 09-cv-8983 (DLC), 2010 U.S. Dist. LEXIS 53258, at *7 (S.D.N.Y. May 27, 2010) ("Plaintiff's IFP status is revoked and the complaint is conditionally dismissed unless Plaintiff pays the entire filing fee within 30 days of this Order.") Defendants respectfully submit that Plaintiff's IFP status should be resolved *prior* to the parties' substantive submissions and appearances. Those submissions will be rendered moot, and any appearances will have been in vain, if Plaintiff's IFP status is revoked, Plaintiff fails to pay the required fees, and the action is dismissed on those grounds.

In the event that the Court declines to revoke Plaintiff's IFP status and/or declines to dismiss the Complaint due to Plaintiff's failure to pay the required filing fee, Defendants anticipate that they would seek to file a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the Complaint fails to state a claim upon which relief may be granted. The Complaint does not "contain sufficient factual matter [that], accepted as true, [would] 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Indeed, to the extent that Plaintiff gestures towards any legal claims, she offers "conclusions of law or unwarranted deductions of fact" of the sort that a Court will not accept as true. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994), *cert. denied*, 513 U.S. 1079 (1995). Thus, Plaintiff's statements do not "nudg[e] [her] claims across the line from conceivable

to plausible." *Twombly*, 550 U.S. at 570. Additionally, Plaintiff's due process claim is subject to dismissal as she has available post-deprivation remedies. *See* 42 U.S.C. § 1997e(a) (The PLRA provides that "no action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") Her state law claims also are subject to dismissal as they are time-barred and because Plaintiff may have failed to timely file the required notice of claim. *See* N.Y. Gen Mun. Law § 50-i. Therefore, should the Court require Defendants to proceed with their substantive response to the Complaint notwithstanding Defendants' request that Plaintiff's IFP status be revoked, Defendants respectfully request leave to file a motion to dismiss, and they request that the Court stay all discovery pending resolution of that motion.

        For the foregoing reasons, Defendants respectfully request that the Court: (1) revoke Plaintiff's IFP status in this action; (2) adjourn all current submission deadlines and appearances in this action pending resolution of Plaintiff's IFP status; (3) hold in abeyance Defendants' obligation to respond to the Complaint; and (4) in the event that the Court directs Defendants to respond to the Complaint, permit Defendants to file a motion to dismiss, and stay discovery pending resolution of that motion.

        Thank you for your consideration of this request.

        Respectfully,

/s/
Darian Alexander
Assistant Corporation Counsel

CC:    **BY FIRST CLASS MAIL**
       Christopher Hiram Cano
       B&C No.: 8952200296
       George R. Vierno Center
       09-09 Hazen Street
       East Elmhurst, New York 11370
       *Plaintiff Pro Se*