

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX** | LAW DEPARTMENT | **DARIAN ALEXANDER** |
| *Corporation Counsel* | 100 CHURCH STREET | Phone: (212) 356-2174 |
| | NEW YORK, NY 10007 | daalexan@law.nyc.gov |

August 9, 2023

**BY ECF**
The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

Re:  *Cano v. City of New York, et al.*, 23-cv-03733-AS

Dear Judge Subramanian:

I am the Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent Defendants in the above-referenced action. I write to respectfully request that Your Honor adjourn Defendants' deadline, set forth in the Court's Order of Service dated June 12, 2023, to identify to Plaintiff and the Court certain as-yet unnamed defendants.

Plaintiff is a detainee currently housed at the George R. Vierno Center ("GRVC"). *See* Complaint (Dkt. No. 1), ECF p. 1. Plaintiff alleges that during her time in Department of Correction ("DOC") custody, Defendants did not protect her personal property, and that numerous items of personal importance to Plaintiff remain missing. *Id.*, *passim*. Pursuant to these allegations, Plaintiff brings numerous claims against the City and identified and unidentified individual defendants, including violations of several federal statutes and United States Constitutional Amendments as well as claims of, for example, property theft, deprivation of property, conspiracy, and burglary. *Id.* at ECF pp. 1-2. By Request dated May 3, 2023, Plaintiff sought leave to proceed *in forma pauperis* ("IFP") in this action. (*See* Dkt. No. 2.) The Court granted that request by Order dated May 4, 2023. (Dkt. No. 4.)

By Order dated June 7, 2022, the Court, *inter alia*, scheduled an Initial Pretrial Conference ("IPTC") for July 26, 2023, and directed Defendants to file, by July 7, 2023, a letter concerning the topics to be discussed during the IPTC. (*See* Dkt. No. 6.) By Order of Service dated June 12, 2023, the Court, *inter alia*, directed this Office to identify to Plaintiff and the

Court, by August 11, 2023, the as-yet unidentified defendants, with Plaintiff's Amended Complaint due within thirty days of that identification. (*See* Dkt. No. 7.)

By letter motion dated July 7, 2023, Defendants confirmed that they had arranged for Plaintiff's participation at the IPTC, and apprised the Court that Defendants anticipated filing a motion to dismiss the Complaint, if necessary. (Dkt. No. 11.) Additionally, Defendants apprised the Court that Plaintiff had previously proceeded as IFP in at least four actions in which her claims were dismissed for failure to state a claim upon which relief can be granted. (*Id.*) Defendants contended that pursuant to 28 U.S.C. § 1915(g), enacted as part of the Prison Litigation Reform Act, those prior dismissals disqualify Plaintiff from proceeding as IFP in this action. (*Id.*) Thus, Defendants requested that the Court revoke Plaintiff's IFP status in this action and adjourn all scheduled submission deadlines and appearances pending the Court's review of that revocation request. (*Id.*)

By Order dated July 10, 2023, the Court directed Plaintiff to respond to Defendants' motion to revoke her IFP status by August 11, 2023. (Dkt. No. 13.) Additionally, pending the Court's decision on Defendants' motion, the Court adjourned the IPTC and placed in abeyance Defendants' obligation to respond to the Complaint. (*Id.*) The Order was silent as to Defendants' obligation or deadline to identify the as-yet unidentified defendants. (*Id.*)

DOC has advised this office that it needs additional time to ascertain the identities of the unnamed defendants, in part because Plaintiff moved between numerous DOC facilities during the relevant time period. Although DOC will continue its diligent efforts to identify additional defendants, Defendants respectfully submit that Plaintiff's IFP status should be resolved *prior* to Defendants' deadline to inform Plaintiff and the Court of that information. The revocation of Plaintiff's IFP status, and the subsequent dismissal of this action if Plaintiff fails to pay the required fees, will prevent Plaintiff from pursuing claims against any defendants, whether identified or unidentified. Moreover, as the Court has adjourned the other deadlines and appearance dates in this action pending its decision on Defendants' revocation motion, the similar adjournment now sought may lend efficiency to the management of this matter.

Accordingly, Defendants respectfully request that Your Honor adjourn Defendants' obligation to identify the as-yet unidentified defendants (*see* Dkt. No. 7) pending the Court's decision on Defendants' motion to revoke Plaintiff's IFP status (*see* Dkt. No. 11).

Thank you for your consideration of this request.

Respectfully,

/s/_____
Darian Alexander
Assistant Corporation Counsel

CC:   BY FIRST CLASS MAIL
      Christopher Hiram Cano
      B&C No.: 8952200296

George R. Vierno Center
09-09 Hazen Street
East Elmhurst, New York 11370
*Plaintiff Pro Se*

Defendants' motion is **GRANTED**. Defendants' obligation to identify the as-yet unidentified defendants is held in abeyance pending the Court's decision on Defendants' motion to revoke Plaintiff's in forma pauperis status.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 11, 2023