UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER HIRAM CANO,<br><br>      Plaintiff,<br><br>   -against-<br><br>CITY OF NEW YORK, et al.,<br><br>      Defendants. | 23-cv-3733 (AS)<br><br>MEMORANDUM OPINION<br>AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  Plaintiff Christopher Hiram Cano, incarcerated and *pro se*, brought this action against the City of New York and various named and unnamed New York Department of Corrections employees (collectively, "Defendants"). Defendants move to have this Court revoke Plaintiff's *in forma pauperis* (IFP) status, claiming that Plaintiff is barred from proceeding IFP because she has accumulated three "strikes" under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). For the reasons stated below, Defendants' motion is DENIED.

## BACKGROUND

  Plaintiff requested leave to proceed IFP. *See* ECF No. 2. The Court granted Plaintiff's request. ECF No. 4. Defendants then moved for revocation of Plaintiff's IFP status, claiming that she "previously proceeded as IFP in at least four actions . . . in which her claims were dismissed for failure to state a claim upon which relief can be granted." Defs.' Br. at 2, ECF No. 11. These actions are:

- *Cano v. Officer Marshall* (*Cano I*), No. 18-cv-4176 (E.D.N.Y.)
- *Cano v. City of New York* (*Cano II*), No. 23-cv-3807 (S.D.N.Y.)
- *Cano v. Officer Oxley*, No. 18-cv-3428 (E.D.N.Y.)
- *Cano v. Cohen*, No. 18-cv-11550 (S.D.N.Y.)

  Plaintiff opposed Defendants' motion. *See* Pl.'s Opp'n, ECF No. 19. In their reply, Defendants stated that, since filing their motion they "undertook additional research as to the law regarding when a prior dismissal will be considered a 'strike' under 28 U.S.C. § 1915(g)" and no longer contend that the dismissal in *Cano I* counts as a strike. *See* Defs.' Reply at 1, ECF No. 23. Defendants nevertheless "maintain that the other three dismissals previously described each constitute a strike," so Plaintiff is prohibited from proceeding IFP. *Id.*

## LEGAL STANDARD

  "Under the PLRA, prisoner-litigants granted *in forma pauperis* status pay the full amount of the filing fee to the extent they can afford to, . . . through periodic debits from the plaintiff's prison

1

account." *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010) (citing 28 U.S.C. § 1915(b)(1)–(2)). "There is an exception to the PLRA's payment structure: Prisoner-plaintiffs who have accumulated three strikes are prohibited by the PLRA from bringing further actions or appeals *in forma pauperis*." *Id.* (citing 28 U.S.C. § 1915(g)). The PLRA's "three-strikes" provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## DISCUSSION

Plaintiff is not prohibited from proceeding IFP. At least two of the four dismissals that Defendants identified are not strikes under the PLRA.

First, as Defendants now concede, the dismissal in *Cano I* is not a strike. *See* Defs' Opp'n at 4, ECF No. 23. There, Plaintiff requested that her claims be dismissed because she could not "continue to prosecute this case" while incarcerated. *Cano I*, ECF Nos. 24, 25. This voluntary dismissal is not a strike because the dismissal was not "on the grounds that [the action was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); *see also Morehouse v. Vasques*, No. 17-CV-4836, 2018 WL 4211320, at *5 (S.D.N.Y. Sept. 4, 2018) (concluding that "Rule 41(a)(1) dismissals cannot count as strikes"); *see also Carbajal v. McCann*, 808 F. App'x 620, 630 (10th Cir. 2020); *Andrews v. Persley*, 669 F. App'x 529, 530 (11th Cir. 2016).

Second, the dismissal in *Cano II* is not a strike. There, the District Court dismissed Plaintiff's federal claims for failure to state a claim and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Cano II,* ECF No. 8. In the Court's order of dismissal, the Court expressly stated that the dismissal of Plaintiff's state law claims was "without prejudice" and that "[n]othing in this order prevents Plaintiff from pursuing a challenge . . . in New York state court." *Id.* at 7. The Second Circuit has made clear that a dismissal does not count as a strike unless the entire case is dismissed on § 1915(g) grounds. *See Escalera v. Samaritan Vill.*, 938 F.3d 380, 382 (2d Cir. 2019). This is because "counting a partial § 1915(g) dismissal as a strike could result in the anomalous situation where a prisoner succeeds on some claims yet still accrues a strike if others are dismissed on § 1915(g) grounds." *Id.* In *Cano II*, the state law claims were not dismissed on § 1915(g) grounds and could be brought again in state court. *See Singleton v. City of New York*, No. 21-CV-2893, 2022 WL 294812, at *1 (S.D.N.Y. Feb. 1, 2022) (concluding that a prior dismissal was "not a strike" under *Escalera* because the "court declined to exercise supplemental jurisdiction over any state-law claim that Plaintiff was asserting"). And every circuit court to

consider this issue has held that a *pro se* plaintiff does not get a strike when a district court dismisses her federal claims on § 1915(g) grounds but declines to exercise supplemental jurisdiction over her state claims. *See Talley v. Wetzel*, 15 F.4th 275, 279 (3d Cir. 2021); *Harris v. Harris*, 935 F.3d 670, 674 (9th Cir. 2019); *Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1149 (D.C. Cir. 2017); *see also Mullins v. Inthink, Inc.*, 2022 WL 2359624, at *2 (10th Cir. June 30, 2022).

Defendants admit that the District Court "did not address the merits of Plaintiff's state law claims," but argue that *Cano II* should count anyway because the state claims were untimely and therefore "frivolous *on their face*." Defs.' Reply, ECF No. 23, at 3 (emphasis in original). This argument contradicts § 1915's plain language. Under the statute, a strike accrues only when "an action . . . *was dismissed* on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted." 28 U.S.C. § 1915(g) (emphasis added). Here, the state-law claims were not dismissed as frivolous, malicious, or for failure to state a claim. And the statute does not say that a strike may accrue just because claims *could have been* dismissed on § 1915(g) grounds. Under *Escalera*, the dismissal in *Cano II* is not a strike under the PLRA.

In short, Defendants identified four prior dismissals, at least two of which do not count as strikes under the PLRA. Plaintiff is therefore not prohibited from proceeding IFP.

## CONCLUSION

For the foregoing reasons, Defendants' motion is DENIED. The Clerk of Court is directed to terminate ECF No. 11.

SO ORDERED.

Dated: August 29, 2023
       New York, New York

ARUN SUBRAMANIAN
United States District Judge