

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DARIAN ALEXANDER**
Phone: (212) 356-2174
daalexan@law.nyc.gov

November 29, 2023

**BY ECF**
The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Defendant's motion is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 45.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: December 1, 2023

Re: *Cano v. City of New York, et al.*, 23-cv-03733-AS

Dear Judge Subramanian:

      I am the Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent Defendants in the above-referenced action. I write to respectfully request a stay of discovery in this action pending the Court's determination as to Defendant City of New York's motion to dismiss the Complaint.

      By Order of Service dated August 29, 2023, Your Honor ordered defendants to serve, within 120 days, their responses to the standard discovery requests set forth in Local Civil Rule 33.2. (Dkt. No. 27.) By Letter dated October 11, 2023, Defendant City of New York ("City") submitted an attached proposed case management plan for the Court's approval. (Dkt. Nos. 30, 30-1.) By Scheduling Order dated October 26, 2023, the Court approved and adopted that case management plan. (Dkt. No. 35.) Accordingly, discovery is scheduled to be completed by March 26, 2024. *Id.* The nearest-term deadline is Defendants' deadline to serve document requests and interrogatories, set for November 30, 2023. *Id.*

      By Notice of Motion dated November 20, 2023, the City moved to dismiss the Complaint. (Dkt. No. 37.) The City's memorandum of law set forth several arguments for dismissal, as follows: (1) Plaintiff's claims fail because she has an adequate post-deprivation remedy for any loss of property; (2) Plaintiff fails to allege a basis for municipal liability; (3) Plaintiff does not adequately allege the personal involvement of any individual defendant; and (4) Plaintiff's state law claims fail because (a) she has failed the notice-of-claim requirement, (b) her allegations are time-barred, and (c) upon dismissing Plaintiff's federal claims, the Court should decline to take supplemental jurisdiction over her state law claims. (Dkt. No. 38, 38-1.)

It is well-established that federal district courts have discretion, under Rule 26(c) of the Federal Rules of Civil Procedure, to stay discovery pending the determination of dispositive motions. *See Levy v. BASF Metals Ltd.*, 755 F. App'x 29, 31 (2d Cir. 2018), *cert. denied*, 140 S. Ct. 536, (2019). As this Court has noted, "[g]ood cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *City of New York v. FedEx Ground Package Sys.*, No. 17-5183 (ER), 2018 U.S. Dist. LEXIS 165807, 2018 WL 4625765 (S.D.N.Y. Sept. 26, 2018) (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). Additional factors to be considered include the breadth and burden of discovery, and whether the defendant has made a strong showing that the plaintiff's claims lack merit. *See Spencer Trask Software & Info. Servs*, LLC, 206 F.R.D. at 368.

Here, the City respectfully submits that there is good cause for a stay of discovery. First, as noted above, the City's motion to dismiss sets forth several strong arguments for dismissal. Second, the stay would last for only a limited time, until the Court has ruled on the City's dispositive motion. Third, given Plaintiff's extensive DOC records (which include, for example, a nearly 800-page complaint file), discovery may well prove burdensome. Fourth, Plaintiff will not be prejudiced by a stay, and in fact will likely *benefit* from a stay. Although the City has not conferred with Plaintiff regarding this request, it observes that a stay would afford Plaintiff more time to prepare her opposition to the City's motion to dismiss, which she must file by December 22, 2023. *See* Order dated October 25, 2023 (Dkt. No. 34). Absent a stay, Plaintiff will be required to concurrently prepare her responses to the City's discovery demands, which are currently due to be served tomorrow. Thus, the City respectfully submits that until its motion to dismiss is decided, the parties' efforts will be best directed towards briefing rather than discovery — especially as the latter may well prove unnecessary.

Accordingly, the City respectfully requests that the Court stay discovery pending resolution of the City's motion to dismiss the Complaint. To the extent that this request is deemed, in part, a request to extend *sine die* the City's deadline to serve discovery demands, the City regrets that its request does not comply with Rule 3-C of Your Honor's individual practices in civil *pro se* cases, which requires that extensions be requested at least 48 hours prior to the deadline in question, and respectfully submits this request *nunc pro tunc*.

Thank you for your consideration this request.

Respectfully,

/s/
Darian Alexander
Assistant Corporation Counsel

CC:   BY FIRST CLASS MAIL
      Christopher Hiram Cano
      B&C No.: 8952200296
      Robert N. Davoren Complex
      11-11 Hazen Street

2

East Elmhurst, New York 11370
*Plaintiff Pro Se*

3